*Garnett & Dehoney, for appellants.*

---

A. H. HENNINGER *v.* CHARLOTTE HENNINGER.

**Divorce—Wife Insane.**
> Where the husband in his petition for divorce avers that his wife had been judicially found to be of unsound mind, he is not a competent witness against her.

APPEAL FROM ROBERTSON CIRCUIT COURT.

March 7, 1876.

OPINION BY JUDGE COFER:

The appellant was married to the appellee in Claremount, Ohio, in 1838. He alleged that they lived together as husband and wife until in 1862, when she left him, and that they have lived separate and apart without cohabitation ever since; that in 1866 he removed to what is now Robertson county, in this state, and had resided there continuously up to the commencement of this suit, July 9, 1873; and upon the ground that they had lived separate and apart without co-

habitation for five years, he sought a divorce from the bonds of matrimony.

There is no competent evidence of the time of their separation. The appellant gave his own deposition, in which he says they separated in 1862, and have lived separate and apart ever since. This deposition was not excepted to, but should be rejected by the court of its own motion. Neither husband or wife is a competent witness against the other. The appellant, in an amended petition, alleged that the appellee had been judicially found to be of unsound mind, and this furnishes an additional reason why he was incompetent as a witness.

Aside from the appellant's deposition, there is no evidence when they ceased to live together, or that when he came to Kentucky they separated with an intention not to live together again. For aught that appears, except from some incompetent declarations of the appellant which he introduced as evidence, there was no such separation as is contemplated by the statute until she came to Kentucky in 1870; and even then, the evidence strongly conduces to show that she was insane. Counting from the time of her arrival in this state to the time of the commencement of this suit, the parties have not been shown to have lived separate and apart as much as five years. During the greater part, if not all of that time, the appellee was insane.

We concur with the court below in the conclusion that the appellant is not entitled to a divorce.

Judgment *affirmed*.

*J. A. & C. M. Buckler, for appellant.*